```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Christopher R. Cote

    v.                              Civil No. 11-cv-347-JD
                                             Opinion No. 2012 DNH 099

Michael J. Astrue, Commissioner,
Social Security Administration

                                  O R D E R

Christopher R. Cote seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Commissioner of the Social Security Administration, denying his application for social security disability insurance benefits under Title II. Cote contends that the Administrative Law Judge ("ALJ") made several errors, including that he erred in finding that Cote could do his past work as a warehouse operator and forklift operator. The Commissioner moves to affirm the decision.

                                  Background

Cote previously worked as a delivery driver and as a forklift operator in a warehouse. He last worked on November 13, 2006, when he was injured while working. He is a high school graduate and was thirty-seven years old when he stopped working.

Before 2006, Cote had a history of surgery to repair back, ankle, and shoulder problems. Despite those issues, he continued to work full time although he also experienced continuing pain. In November of 2006, Cote had arthroscopic surgery on his left shoulder. Although he made some progress post surgery, Dr. Ricardo A. Gonzales recommended surgical repair of the left rotator cuff, which was in April of 2007.

In August of 2007, Cote aggravated his shoulder during strength training. In November, Dr. Gonzales told Cote that he did not think further surgery would help. Dr. Gonzales wrote that Cote could do work at waist level without heavy weight.

Cote required additional treatment following a car accident in June of 2008. In August of 2008, Cote saw Ms. Morrison at a pain clinic and explained that his primary pain was at the back of his head and in his lower back. On examination, Cote had good range of head motion in all directions, good range of arm motion overhead, no difficulty with walking, normal strength tests, and normal sensation and reflexes. One test was positive for left sacroiliac pain with a suggestion of right sacroiliac pain, and Cote had tenderness to palpation on the left side of his back. Cote continued to see Ms. Morrison for pain treatment and had

sacroiliac injections for back pain.  The administrative record has no medical records from November of 2008 through November of 2010.

In January of 2009, Cote completed a report indicating that he was in constant pain and could not lift much weight or walk or stand for long because of ankle problems.  An unsigned and undated "Disability Report Form" indicated that Cote's job as a forklift operator in a warehouse required driving a forklift, loading and unloading merchandise with the forklift, standing for eight hours and walking for one hour, handling and grasping for four hours, and writing and handling small objects for one hour.  The form indicated that the heaviest object Cote lifted was less than ten pounds.

Cote completed a function report in March of 2009, in which he said that chronic back, shoulder, and ankle pain limited his ability to sleep.  He said he had some difficulty dressing and in other personal care activities due to shoulder pain.  Cote said that he prepared daily meals, did laundry, cleaned the house, and required no help with those tasks.  He went outside every day, drove a car, and did weekly shopping.  He wrote that he no longer participated in sports because of his leg, back, and shoulder pain.  He said that he visited with friends and family but less than before the pain began.  Cote said that he could lift weight

up to ten pounds, could walk for one-half mile without resting, had no problems with memory or following instructions, did not need a cane, and handled stress as well as anyone.

On April 30, 2009, Dr. Hugh Fairley, a state agency physician, reviewed Cote's medical records for purposes of a residual functional capacity assessment.  Dr. Fairley found that Cote was able to do light work without frequent overhead reaching with his left arm, with lifting twenty pounds occasionally and ten pounds frequently, with standing and walking for a total of about six hours in an eight hour work day, with sitting for a total of six hours in an eight hour work day, and with only occasional postural activities.

In December of 2010, Cote saw Dr. Ross because of pain in his right shoulder and left ankle.  Cote said that his right shoulder pain was more significant and started a week before the appointment, apparently the result of throwing a bag of garbage.  Dr. Ross found that Cote's shoulder motion was severely guarded and restricted, with some mild tenderness and weakness on manual muscle testing.  Reflexes and sensation were normal.  Shoulder x-rays showed minimal irregularity, but an MRI showed a re-tear of the rotator cuff.  Dr. Ross found some ankle tenderness.  Cote's heel cord was intact, but his range of motion was guarded and restricted, and he walked with a limp.  Ankle x-rays showed

moderate degenerative bone formation, but the joint spaces looked reasonably maintained, and no other abnormalities were seen.

B.  Administrative Proceedings

Cote applied for disability benefits in January of 2009, alleging an onset date of November 13, 2009.  His application was denied, and he requested a hearing.  An administrative hearing was held on February 4, 2011.  Cote was represented by counsel, and his wife and a vocational expert also testified.

At the hearing, Cote testified that he was always sore and had limited mobility and reduced strength in his arms.  He also testified that his activities involved making breakfast and watching television and that he did not go out unless he had an appointment.  He said his ankle problem had worsened with time so that his ankle would give out and cause him to lose his balance.  He said that he could not even walk a quarter of a mile and could not stand more than twenty or thirty minutes before his ankle would begin to swell.  He also said he had started wearing an ankle brace in late 2010.

Cote testified that his shoulder had been better after surgery in 2006 until he reinjured it during therapy.  He said that surgery in April of 2007 had not helped him to regain strength and range of motion nor reduced pain.  He said he had

very limited strength and range of motion in his left arm, along with numbness and tingling, and could not even lift a gallon of milk.  Cote testified that he had lingering pain in his right shoulder after surgery in 2000, although he could work through it, but then reinjured his right shoulder in December of 2010.  He was scheduled for right rotator cuff surgery after the date of the hearing.  He also testified that he had back pain after the 2008 accident but that his doctors did not want to address his back until his shoulders and ankle resolved.

Cote said that he had gained ninety pounds since 2006 and that he could not exercise because of his other problems.  He said he might need to have gastric bypass surgery for his weight issue.  Cote also testified that he was not using prescription pain medication, relying instead on aspirin.  He said that he had trouble sleeping despite taking Ambien.

As to his daily activities, Cote said that he had trouble getting dressed because of pain and had trouble going up and down stairs, which he avoided.  His main activity was watching televison, and he only occasionally used the computer.  He could only read for fifteen minutes because of back pain and could only sit for thirty to forty minutes.  He did no housework or yard work.  He could not lift even five pounds repetitively.  Cote's wife's testimony corroborated his statements.

     A vocational expert testified at the hearing and explained that Cote's previous work as a delivery driver was unskilled and was at a medium work level and his job as a forklift operator was semi-skilled and was performed at a light work level.  The ALJ asked the vocational expert to give his opinion about what work a person could do who was limited to light work without frequent overhead reaching with his left arm and with only occasional postural activities.  The vocational expert responded that the hypothetical person could do Cote's jobs as a warehouse worker and forklift operator as he actually performed those jobs.  The vocational expert also testified that he could do other unskilled light jobs, such as a fast food worker, courier, mail clerk, office helper, and cashier.  He added that a sit-stand option would eliminate the jobs of fast food worker and cashier.  If the person were limited to sedentary work with a sit-stand option, he could not do the prior jobs but could work as an eyeglass assembler and charge account clerk.  If Cote were as limited as he and his wife described, he could not do any jobs.

     The ALJ issued the decision on February 4, 2011, in which he found that Cote was not disabled because he retained the functional capacity to do his past work as a warehouse operator and forklift operator at the light work level, as he had previously performed those jobs.  The ALJ found that Cote's

impairments of left shoulder tendinopathy, low back pain, and morbid obesity were severe but did not meet or equal a listed impairment or prevent him from doing his prior work.  The ALJ also found that Cote's recent injury to his right shoulder did not meet the twelve-month requirement for a disability finding.  When the Decision Review Board failed to complete review within the time allowed, the ALJ's decision became the final decision of the Commissioner.

## Standard of Review

In reviewing the final decision of the Commissioner in a social security case, the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence."  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).  The court defers to the ALJ's factual findings as long as they are supported by substantial evidence.  § 405(g).  "Substantial evidence is more than a scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).

Disability, for purposes of social security benefits, is "the inability to do any substantial gainful activity by reason

of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a). The ALJ follows a five-step sequential analysis for determining whether a claimant is disabled. § 404.1520. The claimant bears the burden, through the first four steps, of proving that his impairments preclude him from working. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). At the fifth step, the Commissioner determines whether other work that the claimant can do, despite his impairments, exists in significant numbers in the national economy and must produce substantial evidence to support that finding. Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001).

### Discussion

Cote contends that the ALJ erred in finding that he retained the functional capacity to do light work, with certain restrictions. Cote argues that the ALJ improperly relied on the opinion of a state agency physician, improperly assessed Cote's credibility as to the severity of his pain, failed to credit the testimony of Cote's wife, failed to properly evaluate the effect of Cote's extreme obesity, and erroneously found that he could return to his past work. In support of the motion to affirm, the

9

Commissioner asserts that the ALJ properly relied on the state agency physician's opinion, considered the effect of Cote's obesity, properly assessed Cote's credibility, considered his wife's testimony, and properly found that he could return to his past work.

At Step Four of the sequential analysis, the ALJ assesses the claimant's residual functional capacity for work and whether the claimant can return to his past work.  20 C.F.R. § 404.1520(e).  In this case, the ALJ relied on the opinion of the state agency consultant, Dr. Fairley, to find that Cote retained the capacity to do light work except that he should avoid frequent overhead reaching with his left arm and should only occasionally do postural activities.  With that residual functional capacity, the ALJ found that Cote could do his past work as a warehouse operator and forklift operator, based on the vocational expert's opinion.

Cote described his past work as a warehouse operator and forklift operator to require standing for eight hours each day and sitting for one hour.  The ALJ repeated those requirements in his finding.  Dr. Fairley, however, stated in his residual functional capacity assessment that Cote could stand or walk for only a total of six hours in an eight-hour day.  The discrepancy between Dr. Fairley's residual functional capacity assessment and

the requirements of the warehouse operator work as Cote performed the job mean that Dr. Fairley's opinion does not provide substantial evidence to support that finding.  No other medical opinion evidence in the record supports a finding that Cote could stand for eight hours each work day.  Therefore, the ALJ's finding that Cote could return to his past work is not supported by substantial evidence.  Although the vocational expert testified that there were other jobs that Cote could do, the ALJ made no findings at Step Five of the sequential analysis.

Therefore, because substantial evidence is lacking to support the Commissioner's decision, it must be reversed.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse the decision (document no. 13) is granted.  The Commissioner's motion to affirm (document no. 14) is denied.  The case is remanded under "Sentence Four" for further administrative proceedings.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 7, 2012

cc:   Robert J. Rabuck, Esquire
      Jeffry A. Schapira, Esquire